## GENERAL REFRIGERATION CO. v. SPRAGUE.

### No. 11088.

Court of Civil Appeals of Texas. Dallas.

Feb. 18, 1933.

Callaway & Reed and Joe A. Keith, all of Dallas, for appellant.

Nathaniel Jacks, of Dallas, for appellee.

JONES, Chief Justice.

Appellee, Charles J. Sprague, instituted this suit in the county court of Dallas county at Law No. 2, against appellant, General Refrigeration Company, a foreign corporation lawfully doing business in the state of Texas, with a branch house in the city of Dallas, with R. W. Cox as general agent in this state, and manager of the branch house in Dallas. Appellee sought to recover from appellant an alleged balance due him under his oral contract of employment as a salesman. A trial of the cause resulted in a judgment in favor of appellee in the sum of $769, with interest at the rate of 6 per cent. per annum from date of judgment. The appeal is duly perfected to this court, and the necessary facts are:

Appellee is engaged in the business of the manufacture, sale, and installation of electrical refrigeration; its manufacturing product being mainly what is known as the Lipman Electric Refrigeration. Appellee is a capable and experienced salesman for such products. Under a contract with Cox, appellant's manager and agent, appellee became an authorized salesman for appellant. The compensation to be paid for such employment was a commission of 10 per cent. on the list price of the machinery sold, for all sales made in the corporate limits of the city of Dallas; 12½ per cent. of all sales made outside of the corporate limits of the city of Dallas, and the entire overage of sales made in excess of the list price, in addition to the commission. The terms of this contract rest on disputed evidence, but such disputed issue was submitted to the jury, and resulted in a finding that the contract was as given above.

Appellee's claim is made up of three distinct and separate items, one for a breach by appellant of appellee's employment contract, in failing to pay a commission on the installation of refrigeration for one C. Wate; another item for a breach of appellee's contract, in refusing to pay an overage claimed to be due on the Green Sanitary Dairy contract; and a third item, for the failure to pay the reasonable value of services performed by appellee, not embraced in his sales contract, on the installation of refrigeration for S. A. Godfrey, and for the performance of which it is alleged that appellant promised to pay the reasonable value of such service.

The issues made by the evidence as to each of these items were separately submitted to the jury, in the form of special issues, and a verdict returned in favor of appellee as to all of such items, being $325 due on the Wate contract, $409 due on the Green Sanitary Dairy contract, and $35 as the reasonable value for the extra services performed by appellee on the S. A. Godfrey contract.

Appellant attacks the findings of the jury on each of these items, and further attacks the findings in respect to the item of $409, on the Green Sanitary Dairy contract, on other grounds, which will appear in a discussion of that phase of this case.

■ We have carefully examined the evidence in regard to the item of $325, found by the jury to be due appellee on the C. Wate contract, and believe that the evidence at least raises an issue of fact as to whether appellee is entitled to a commission on this contract, and therefore overrule appellee's contention in reference thereto. The undisputed evidence on this item shows that appellee, as

agent for appellant, entered into a contract with Wate to install appellant's refrigeration, including the Lipman Electric Refrigeration, manufactured by appellant, at the list price of $2,600. Such evidence further shows that this contract was not accepted by appellant's home office. If this had been the end of the matter, appellee would have no claim to commission on the attempted sale. There is evidence, however, which warrants the conclusion that this contract was not accepted, for the reason that appellant, in its branch office at Dallas, had on hand practically a new refrigeration machine of another manufacture, that was especially adapted to Wate's needs in respect to electric refrigeration, and, desiring to substitute at the same price this other electric refrigeration product, appellant turned down appellee's contract of sale, and had its manager, Cox, ostensibly to purchase this other electric refrigeration, and himself ostensibly to sell it to Wate. This course was pursued, for the reason that appellant did not desire to be known as selling other than its own product. The evidence further shows that the installation of the refrigeration was at the same price as called for in the contract secured by appellee, and that appellant reaped the same profit that would have come to it had it accepted the written contract secured by appellee. The evidence also shows that appellant was able to sell this piece of machinery and have it installed for Wate through means of the original effort of appellee. In other words, the evidence warrants the conclusion that the sale and installation of the refrigeration for Wate was made by appellant for the same price, and for which it reaped the same profits, and actually only consisted in varying appellee's contract of sale by substituting, with the approval of Wate, another refrigeration at the same price. Under such condition, the jury was warranted in the finding made in respect to this item.

The $35 item on the Godfrey sale is so clearly sustained by both the pleading and evidence that we will overrule appellant's contention in reference thereto without discussion.

■ Is appellee entitled to the $409 overage on the Green Sanitary Dairy contract? The undisputed evidence shows that appellee secured a contract with this dairy to install a new Lipman refrigeration machine, at the list price of $1,300, and that, when completed, with other necessary machinery, would make the list price of the installation $2,554.25; and hence, if the installation was made according to appellee's contract of sale, there would be no overage in his favor. Under the contract made, appellee would be entitled only to his 12½ per cent. commission, and there is no claim that this was not paid. The sales contract entered into by appellee was accepted by appellant, thereby obligating itself to make the installation as called for in the contract, and to pay appellee a 12½ per cent. commission. The commission was paid, but appellant's duty to the purchaser appears not to have been performed according to the terms of the sales contract, for the evidence conclusively shows that, instead of furnishing a new Lipman refrigeration machine, a secondhand refrigeration machine of the same kind was furnished. The evidence further shows that the secondhand machine had only been in use about two months when it had been reclaimed by appellant and used in this' installation. The Green Dairy did not know that a substitution of a secondhand machine had been made for the new Lipman refrigeration machine named in the contract, and did not consent to such substitution, but assumed that the new Lipman refrigeration had been installed. The evidence sustains the finding of the jury that, by reason of such substitution, an additional profit of $409 was made by appellant. Could such profit be denominated overage in favor of appellee? This overage, however, was not the fruit of appellee's contract, or of appellee's work, but in law was the fruit of an illegal act on the part of appellant, in making the substitution.

By reason of this unwarranted substitution by appellant, a valid claim was created in favor of the Green Sanitary Dairy, against appellant, for the difference in the value of the installation contracted for and the value of the installation made, but we fail to see wherein a valid claim was created in favor of appellee. Appellee, no more than appellant, should in law be permitted to profit by the illegal act of appellant in the substitution of a secondhand machine for the new machine contracted for. Appellee could be made a beneficiary of this wrongful act of appellant only by a decree of this court, recognizing the validity of such wrongful act. This the court cannot do.

It necessarily follows that, in our opinion, the facts of this case will not permit a recovery by appellant of the item of $409, and that the judgment rendered should be reformed by striking out of appellee's recovery the item of $409, and as reformed should be affirmed for the sum of $360, with interest at the rate of 6 per cent. per annum from the date of the trial in the lower court; cost of this appeal to be taxed against appellee.

Reformed and affirmed.